**TWENTY–EIGHT THOUSAND FOUR DOLLARS ($28,004.00), c/o Jamie Brown**

v.

**Commonwealth of PENNSYLVANIA; Office of the Pennsylvania Attorney General Jamie Brown, Appellant.**

No. 07–3315.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to
28 U.S.C. § 1915(e)(2)(B) or Summary Action Pursuant to

Third Circuit LAR 27.4 and I.O.P. 10.6 Nov. 29, 2007.

Filed: April 2, 2008.

Jamie Brown, Marienville, PA, pro se.

Before: BARRY, CHAGARES and ROTH, Circuit Judges.

OPINION

PER CURIAM.

Jamie Brown, proceeding *pro se,* filed this action in the United States District Court for the Western District of Pennsylvania against the Commonwealth of Pennsylvania and the Office of the Pennsylvania

Attorney General. He asserted that the District Court had jurisdiction pursuant to 28 U.S.C. §§ 1345 & 1355, which provide the United States District Courts with original jurisdiction over actions commenced by the United States and forfeiture proceedings initiated under an Act of Congress. Brown alleged that defendants violated his constitutional rights by subjecting him to forfeiture proceedings in which he was forced to represent himself and which he was unable to appeal. Specifically, Brown argued that the Pennsylvania Supreme Court erred in denying his petition for allowance of appeal and that the Commonwealth Court erred in dismissing his appeal on procedural grounds without reaching the merits of his claims. He also made numerous arguments regarding the conduct of the forfeiture proceedings, among them that the property subjected to forfeiture was discovered by virtue of an unconstitutional search and was therefore inadmissible, that the trial court erred in permitting counsel to withdraw from representing him, in failing to subpoena a key witness and in denying his motion for a continuance, that he was denied his right to a jury trial, and that the evidence was insufficient to support forfeiture. He sought an order reversing the Court of Common Pleas' forfeiture order and/or the Commonwealth Court's order dismissing his appeal.

The District Court dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] holding that, under the *Rooker–Feldman* doctrine, it was without subject matter jurisdiction to adjudicate Brown's claims against defendants, because to do so would be to exercise "jurisdiction over claims that were actually litigated or 'inextricably intertwined' with adjudication by a state's courts." *Parkview Assocs. P'ship v. City of Lebanon,* 225 F.3d 321, 325 (3d Cir.2000); *see also ITT Corp. v. Intelnet Int'l Corp.,* 366 F.3d 205, 211 (3d Cir.2004). A federal claim is "inextricably intertwined" with a state court claim if " 'federal relief can only be predicated upon a conviction that the state court was wrong.' " *Parkview,* 225 F.3d at 325 (quoting *Centifanti v. Nix,* 865 F.2d 1422, 1430 (3d Cir.1989)).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Appellant has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal must be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The District Court properly determined that it was without subject matter jurisdiction over Brown's allegations regarding the forfeiture of his property, as any grant of relief would "render [the state court] judgment ineffectual." *FOCUS v. Allegheny County Court of Common Pleas,* 75 F.3d 834, 840 (3d Cir.1996). In fact, this is specifically the relief Brown requests in his complaint: "an order dismissing the lower court's forfeiture order and/or the lower court's order dismissing appeal."

For the foregoing reasons, Brown's appeal is without legal merit and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Brown's motion for the appointment of counsel is denied.

---

1. The District Court actually dismissed his complaint pursuant to 28 U.S.C. § 1915(d), which was the precursor to § 1915(e)(2)(B).